**UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY**

| | |
|---|---|
| JHONATHAN STEVEN CHIQUITO BARZOLA, on behalf of himself and others similarly situated, <br><br> *Petitioner-Plaintiff*, <br><br> v. <br><br> WARDEN, Delaney Hall Detention Facility Newark, NJ et al., <br><br> *Respondents-Defendants*. | No. 2:25-cv-17326 (MEF) <br><br> **OPINION and ORDER** |

\*   \*   \*

A noncitizen[1] ("the Petitioner") was arrested and detained, see Emergency Petition for Writ of Habeas Corpus ("Petition") (ECF 1) ¶¶ 25-27, purportedly under 8 U.S.C. § 1225, which does not allow for bond hearings. See id. ¶ 25; Request for Conference or, Alternatively, Extension of Answer Deadline (ECF 7) at 1.

The Petitioner filed a habeas corpus petition, see Petition, and the Court granted it. See Nov. 12, 2025 Order (ECF 10). The Court held that, properly understood, the Petitioner's arrest and detention was under 8 U.S.C. § 1226, which does allow for bond hearings. See Nov. 12, 2025 Order (ECF 10).[2] As a remedy,

---

[1]  Jhonathan Steven Chiquito Barzola.

[2]  This is consistent with how scores of courts around the Nation have resolved the issue. See Lopez v. Soto, 2025 WL 2987485, at \*2 n.3 (D.N.J. Oct. 23, 2025) (collecting cases). For cases from this district that come to the same conclusion, see Mboup v. Field Off. Dir., 2025 WL 3062791, at \*2 (D.N.J. Nov. 3, 2025); Lopez, 2025 WL 2987485, at \*3; Buestan v. Chu, 2025 WL 2972252, at \*1 (D.N.J. Oct. 21, 2025); Castillo v. Lyons, 2025

the Court held that the Petitioner was entitled to a bond hearing.  See id.

The Petitioner has now received the bond hearing.  See Confirmation of Bond Hearing (ECF 11); Update on Bond Hearing and Request for a Conference ("Update on Bond Hearing") (ECF 12) at 1.  The Court therefore intends to dismiss the habeas corpus petition.  A bond hearing having been provided, it is not clear how it might be that the Petitioner continues to be detained "in violation of the . . . laws . . . of the United States," 28 U.S.C. § 2241(c)(3) --- and that is the standard set out in the habeas corpus statute.[3]

---

WL 2940990, at *1 (D.N.J. Oct. 10, 2025); Bah v. Soto, 2025 WL 3295569, at *1 (D.N.J. Nov. 26, 2025); Mejia v. Cabezas, 2025 WL 3294405, at *2-3 (D.N.J. Nov. 26, 2025); Molina v. Soto, 2025 WL 3281820, at *4 (D.N.J. Nov. 25, 2025); Garcia-Alvarado v. Warden, 2025 WL 3268606, at *3 (D.N.J. Nov. 24, 2025); Ramos v. Soto, 2025 WL 3251447, at *1-2 (D.N.J. Nov. 21, 2025); Valerio v. Joyce, 2025 WL 3251445, at *3-4 (D.N.J. Nov. 21, 2025); Velasquez-Gomez v. Soto, 2025 WL 3251443, at *3 (D.N.J. Nov. 21, 2025); Sandhu v. Tsoukaris, 2025 WL 3240810, at *6 (D.N.J. Nov. 20, 2025); Lucero v. Soto, 2025 WL 3240895, at *2 (D.N.J. Nov. 20, 2025); Perez v. Lyons, 2025 WL 3238540, at *3 (D.N.J. Nov. 19, 2025); Illescas v. Chu, 2025 WL 3216850, at *2 (D.N.J. Nov. 18, 2025); da Silva v. LaForge, 2025 WL 3173859, at *1 (D.N.J. Nov. 13, 2025); Guaman Naula v. Noem, 2025 WL 3158490, at *3 (D.N.J. Nov. 12, 2025); Vicens-Marquez v. Soto, 2025 WL 3097496, at *1-2 (D.N.J. Nov. 6, 2025); Lopez v. Noem, 2025 WL 3101889, at *3 (D.N.J. Nov. 5, 2025); Ramos v. Rokosky, 2025 WL 3063588, at *8-9 (D.N.J. Nov. 3, 2025); Alaya Amaya v. Bondi, 2025 WL 3033880, at *3 (D.N.J. Oct. 30, 2025); Patel v. Almodovar, 2025 WL 3012323, at *3 (D.N.J. Oct. 28, 2025); Lomeu v. Soto, 2025 WL 2981296, at *8 (D.N.J. Oct. 23, 2025); Maldonado v. Cabezas, 2025 WL 2985256, at *4-5 (D.N.J. Oct. 23, 2025); Bethancourt Soto v. Soto, 2025 WL 2976572, at *7 (D.N.J. Oct. 22, 2025); Zumba v. Bondi, 2025 WL 2753496, at *6-9 (D.N.J. Sep. 26, 2025).

[3]  In circumstances in which a bail hearing is not scheduled on a prompt basis by federal officials, and the habeas petitioner seeks a more rapid hearing, a different remedy might potentially be appropriate.  As to that circumstance, the Court expresses here no opinion.

\*   \*   \*

The Immigration Judge who conducted the bond hearing did not order the Petitioner released.  See Update on Bond Hearing at 1.  But "the . . . law[] . . . of the United States," 28 U.S.C. § 2241(c)(3), here 8 U.S.C. § 1226, requires a bond hearing.  Not a particular result at the hearing.

\*   \*   \*

To be sure, the Immigration Judge, the Petitioner has noted, held on November 13 that she lacked jurisdiction to release the Petitioner because the case was controlled by Matter of Yajure Hurtado, 29 I. & N. Dec. 216 (B.I.A. 2025).  See Update on Bond Hearing at 1-2.  In turn, that decision "rests mainly on the idea that immigration detainees situated like the Petitioner are detained under 8 U.S.C. § 1225(b)(2)(A) (which does not generally allow for bond applications), not under 8 U.S.C. § 1226(a) (which sometimes does)."  Castillo v. Lyons, 2025 WL 2940990, at \*1 (D.N.J. Oct. 10, 2025).

If it stood alone, any decision by the Immigration Judge to keep the Petitioner detained based on Yajure Hurtado would be at odds with the laws of the United States[4] --- because the Petitioner must be treated as detained under Section 1226, not Section 1225.

But the Immigration Judge's cite to Yajure Hurtado does not stand alone.  The Immigration Judge reasoned that there is another basis for continuing to detain the Petitioner.

In particular, the Immigration Judge also held, "in the alternative," id. at 2, that the Petitioner was not entitled to release because he posed "a flight risk."  Id.  And that sort of risk of flight can be a lawful ground for continued detention.  See Exec. Off. for Immigr. Rev., Immigration Court Practice Manual § 9.3(e), https://www.justice.gov/eoir/reference-materials/ic/chapter-9/3 (last accessed Nov. 28, 2025) ("the Immigration Judge considers . . . whether the alien is likely to appear for further immigration proceedings"); see also, e.g., Skinner v. Bigott, 2014 WL 70066, at \*5 (D.N.J. Jan. 8, 2014) ("If he is a flight risk . . . that would necessitate his continued mandatory detention."); Guerrero v. Aviles, 2014 WL

---

[4]  And this Court's ruling.

3

5502931, at *1 (D.N.J. Oct. 30, 2014); Baguidy v. Elwood, 2012 WL 5406193, at *1 (D.N.J. Nov. 5, 2012).

There is no reason to discount the Immigration Judge's risk-of-flight holding because it was handed down on an in-the-alternative basis.  In-the-alternative holdings are understood as providing, on their own, a sufficient foundation for a court's ruling.  See Phila. Marine Trade Ass'n-Int'l Longshoremen's Ass'n Pension Fund v. Comm'r, 523 F.3d 140, 147 n.5 (3d Cir. 2008) (quoting Woods v. Interstate Realty Co., 337 U.S. 535, 537 (1949)).[5]

Therefore, the Immigration Judge's in-the-alternative holding, that the Petitioner is a risk of flight, supplies an adequate basis for the Immigration Judge's determination that the Petitioner should remain detained.[6]

Accordingly, the Petitioner's continued detention is not in violation of the laws of the United States.

\*   \*   \*

Should the parties wish to supplement the record, they may do so on or before December 3.  If nothing is received before then, the Petition will be dismissed.

IT IS on this 1st day of December, 2025, **SO ORDERED**.

_____
Michael E. Farbiarz, U.S.D.J.

---

[5]  This is why, for example, an in-the-alternative holding can have a preclusive effect.  See, e.g., Anderson v. Comm'r, 698 F.3d 160, 165 (3d Cir. 2012) ("all 'independently sufficient alternative findings should be given preclusive effect'"); 18 Wright & Miller's Federal Practice & Procedure § 4421 & n.27 (3d ed. 2025) (noting that extending issue preclusive effect to each "independently sufficient finding[]" is the "view with substantial support in federal decisions").

[6]  That sufficient basis is also a lawful basis, because, as noted, the laws of the United States permit detention following a finding of a flight risk.  See, e.g., Skinner, 2014 WL 70066, at *5.

4